Mr. Thomas M. Lawson County Attorney Warren County
You have asked whether a Minority Business Enterprise Officer (MBEO) for the Warren County Sewer Project would be considered a public officer within the meaning of section 16 of the Alcoholic Beverage Control Law. If so, he would be disqualified from being appointed or continuing to serve as a member of a County Alcoholic Beverage Control Board.
In our opinion of December 20, 1979, we stated that the amended section16 of the Alcoholic Beverage Control Law, which applies to local boards by virtue of section 40 of that law, precludes the member of such a board from also holding a public office, with exceptions not pertinent here. Both an Alcoholic Beverage Control Board member who subsequently assumes a public office and a public officer who is subsequently appointed a member of an Alcoholic Beverage Control Board "shall be removed" from their board membership (section 16 Alcoholic Beverage Control Law). (A copy of our opinion is enlcosed.)
The United States requires, under the Public Works Employment Act of 1977 (Public Law 95-28, 91 STAT 117), that at least 10 percent of the dollar amount of each Federal grant be set aside for contracts with Minority Business Enterprises (MBEs).
The Environmental Protection Agency (EPA) accordingly established a policy for carrying out an MBE program (43 Fed Reg 60220-60224 [December 26, 1978]). The EPA Regional Office for Region II, which includes New York, supplies each grantee whose projects are funded in part by EPA with copies of its policy and the Region II "Guidance and Procedures for Compliance with Minority Business Enterprise Requirements".
The Guidance requires the Chief Executive Officer of the grantee government to appoint an MBEO, who must be:
 "1. Familiar with and capable of communicating and interpreting the applicants procurement procedures and requirements, as well as EPA contracting and subcontracting procedures and requirements.
 2. Understanding of small and minority business problems.
 3. Capable of communicating effectively with minority businesses and management.
 4. Able to maintain a good rapport with the minority community.
 5. Familiar with local resources and services available to aid Minority Business Enterprises." (Guidance and Procedures for Compliance with Minority Business Enterprise Requirements, supra, p. 3.)
Further, the Guidance requires that prime contractors on EPA construction grant projects inform grantee's MBEO of all contracts and subcontracts that they award to MBEs, and, to demonstrate compliance with the MBE program, have available for the MBEO copies of writings which demonstrate efforts to extend opportunities to MBEs, copies of communications sent to minority contractor associations, copies of solicitation letters to, and reply letters and telephone calls from MBEs, documentation of capabilities of available MBE construction subcontractors, and records of negotiation meetings with MBEs.
As we noted in our December opinion, "[a] public officer has been held to be a person who has been designated to perform some function of government, not for his own benefit, but for the public, and has been clothed with some power of the government", (1979 Op Atty Gen 16).
Clearly, the Federal requirement is for a Minority Business Enterprise Officer clothed with "some power of government". The whole thrust of the EPA's policy is to require the grantee to designate an MBEO who can assure the grantee and EPA that the Federal policy is carried out properly. Unquestionably, EPA used the word "officer" rather than "employee" or "consultant" for the same reason that the State distinguishes between public officer and public employee — to stress the governmental significance of the position.
We conclude, therefore, that a Minority Business Enterprise Officer is a public officer and as such is disqualified from being appointed or serving as a member of a County Alcoholic Beverage Control Program.